# IN THE COURT OF APPEALS OF IOWA

No. 22-0584
Filed May 24, 2023

**JULIE BECKER,**
    Plaintiff-Appellant,

**vs.**

**DALLAS CENTER BOARD OF ADJUSTMENT,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Dallas County, Terry Rickers, Judge.

Julie Becker appeals the district court's denial of her petition for writ of certiorari regarding an exception to a zoning ordinance authorized by the Dallas Center Board of Adjustment. **AFFIRMED.**

Julie A. Becker, Dallas Center, self-represented appellant.

Sean M. O'Brien, Nicci M. Ledbetter, and Benjamin J. Kenkel of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**VAITHESWARAN, Presiding Judge.**

Jeff and Karmen Weddle converted a church to a single-family residence. In time, they sought an exception to the Dallas Center zoning ordinance to allow commercial use of their home as a "small gathering space" for various community events such as bridal and baby showers and class reunions. Their next-door neighbor, Julie Becker, objected. Following a public hearing, the board of adjustment granted the exception.

Becker filed a petition for writ of certiorari challenging the board's decision. The case was submitted to the court on a stipulated record, with both sides making written and oral arguments. The district court concluded the board "did not act illegally in granting the exception."

On appeal, Becker argues (1) the board lacked authority to grant the exception and (2) the board erred in concluding there was sufficient parking available to accommodate commercial activities.

A city is "empowered to regulate and restrict the . . . use of buildings . . . for trade, industry, residence, or other purposes." Iowa Code § 414.1(1)(a) (2020). Dallas Center did so. As authorized by statute, the city passed an ordinance creating single-family residential districts. *See id.* § 414.2; Dallas Center, Iowa, Zoning Code §§ 165.04, 165.33. Among the "[p]rincipal [p]ermitted [u]ses" were "single-family dwelling[s]" and "[c]hurches and similar places of worship." Dallas Center Zoning Code § 165.33(1)(A), (B).

Also pursuant to statute, the city created a board of adjustment. *See* Iowa Code § 414.7(1); Dallas Center Zoning Code § 165.13(1). Boards of adjustment are authorized "[t]o hear and decide special exceptions to the terms of the

ordinance upon which such board is required to pass under such ordinance." *See* Iowa Code § 414.12(2); *see also id.* § 414.7(1) (authorizing boards to "make special exceptions to the terms of the ordinances"). Dallas Center granted the board power:

> To permit exceptions to the District regulations set forth in this chapter, provided [(1)] all exceptions shall by their design, construction and operation adequately safeguard the health, safety and welfare of the occupants of adjoining and surrounding property, [(2)] shall not impair an adequate supply of light and air to adjacent property, [(3)] shall not increase congestion in the public streets, [(4)] shall not increase public danger of fire and safety, and [(5)] shall not diminish or impair established property values in surrounding areas.

Dallas Center Zoning Code § 165.13(4)(C).

The district court cited these provisions in concluding the board "was within its jurisdiction and authority to grant the [Weddles'] request for an exception."

Becker argues the special use permit "approved and issued to" the Weddles "was NOT for any 'special use' specified in the city ordinances . . . and the 'terms and conditions' placed on this 'special use permit' . . . are nowhere to be found." She bypasses the cited authority and focuses instead on a provision titled "special uses." *See* Dallas Center Zoning Code § 165.40. That provision applies to uses with "characteristics of such unique and special form as to make impractical their being included automatically in any classes of use as set forth in the various Districts," such as "[c]rematories and funeral homes." The Weddles' home was indisputably a single-family dwelling within a single family residential district. *See id.* § 165.33. Section 165.40 is inapplicable.[1] Because it is inapplicable, we need

---

[1] We recognize the board's decision referred to "characteristics of such unique and special form." But the board did not cite section 165.40 containing that language. Instead, the board cited section 165.13(4)(C) on exceptions to district regulations.

not confront Becker's attempt to distinguish the "exception" language of section 165.13(4)(C) from the "special use" language of section 165.40. We conclude the district court did not err in determining that the board had authority to grant the Weddles an exception pursuant to Iowa Code sections 414.7(1) and 414.12 and Dallas Center Zoning Code section 165.13(4)(C). *See Trailer City, Inc. v. Bd. of Adjustment of City of Council Bluffs*, 218 N.W.2d 645, 648 (Iowa 1974) ("The action of the trial court has the effect of a jury verdict and is appealable to us on assigned errors only.").

We turn to Becker's assertion that the board should have required off-street parking. The Weddles preliminarily respond that Becker failed to preserve error. We disagree.

The adequacy of parking arose during the board proceeding and was addressed by the board. Specifically, the board found, "The schematic drawing of the property provided by the Weddles shows off-street parking available on the west side of the residence, as well as on-street public parking on the north side of Walnut Street. Other parking is available in the vicinity of the Weddles' property." In granting the exception, the board imposed the following caveat: "Nearby streets may not be blocked by parked vehicles." On certiorari, the district court observed that "[t]he discussion of any traffic congestion and parking continue[d] throughout the meeting." The court addressed the parking question as follows:

> Becker further contends that the Board did not explicitly reference the off-street parking and loading area requirements as outlined in [Dallas Center Zoning Code] section 165.41 . . . .
> Even though the Board did not explicitly cite [Dallas Center Zoning Code] section 165.41 for the mandatory off-street parking spaces, the record reflects that there is sufficient parking around the Subject Property. Applicants are not required to provide a private

> parking lot that has 40.97 (41) parking spaces to meet the off-street parking requirements. Additionally, Becker seems to miss the sole intent of this code section which is to "prevent traffic congestion and provide for proper traffic safety." Similar language is used in [Dallas Center Zoning Code] section 165.13(4)(c) that the exception "shall not increase congestion in the public streets." During the public hearing, the Board expressed its concerns as to off-street parking and congestion and found that granting the exception would not impact traffic congestion. . . . Visitors are allowed to park their vehicles where it is legal to do so on public streets.

Because the parking issue was raised and decided, error was preserved. *See Ames 2304, LLC v. City of Ames, Zoning Bd of Adjustment*, 924 N.W.2d 863, 867–68 (Iowa 2019). We review the board's finding concerning the adequacy of parking at the Weddle home for substantial evidence. *See Bontrager Auto Serv., Inc v. Iowa City Bd. of Adjustment*, 748 N.W.2d 483, 495 (Iowa 2008).

The diagram referenced by the board is in our record. It shows a large oval area captioned "Parking for [the Weddle address]" and another area where "[o]n street parking [is] allowed." Also in the record is a letter to the board from the Weddles, stating "[p]arking will continue to be in approved areas only, the same as the 84 yrs. that the building was used for church related activities" and representing that "[t]here always was sufficient parking for all church related activities." Finally, Jeff Weddle told the board the number of people in the home would likely be limited to thirty, for insurance liability purposes. This evidence amounts to substantial evidence in support of the board's finding that adequate parking was available.

Becker seeks attorney fees under Iowa Code section 414.18(2) for the claimed "gross negligence" of the board in failing to require sufficient parking spaces. Assuming without deciding that the "costs" authorized in section 414.18(2) include attorney fees, we discern no basis for an award.

We affirm the district court's denial of Becker's petition for writ of certiorari.

**AFFIRMED.**